IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERIC LEE YOUNGS,
    Plaintiff,

vs.                                      Case No.:   3:20cv5419/LAC/EMT

NORTHEAST FLORIDA STATE
HOSPITAL,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a resident of the Northeast Florida State Hospital proceeding pro se, commenced this case by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Upon review of the complaint, the court preliminarily determined that venue appeared to be improper, and the case should be transferred to the United States District Court for the Middle District of Florida (*see* ECF No. 3). The court issued an order directing Youngs to show cause why this case should not be transferred to the Middle District of Florida (*id.*). The deadline for Youngs to respond to the show cause order has passed, and the court has received no response from Plaintiff. Therefore, the undersigned recommends transfer of this case to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §§ 1391(b), 1404.

Venue for civil actions is governed by 28 U.S.C. § 1391(b), which provides that a civil action may be brought in:

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . ; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* Furthermore, 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Such transfers may be made *sua sponte* by the district court. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *see also* 28 U.S.C. § 1406(a) (directing a district court to dismiss or transfer an action to an appropriate venue if it determines that the action was filed in the wrong district).

Here, the acts or occurrences forming the basis of Plaintiff's Complaint occurred in Macclenny, Florida, which is located in the Middle District of Florida. Further, it appears that all Defendants reside, for purposes of venue, in the Middle District. Neither the private interests of the litigants nor the public interest in the

administration of justice is even minimally advanced by venue being maintained in the Northern District of Florida.  Therefore, this civil action should be transferred to the Middle District of Florida.

Accordingly, it is respectfully **RECOMMENDED**:

That the clerk of court transfer this case to the United States District Court for the Middle District of Florida and close the file.

At Pensacola, Florida, this 2nd day of June 2020.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:20cv5419/LAC/EMT